## Appointment of Auditor for Brighton Township

*Harold F. Reed, Jr.*, for petitioners.

KLEIN, *J.*, March 10, 1976—We have before us a petition for appointment of an auditor to fill a vacancy. The pertinent provision of the Township Code provides:

"When a vacancy occurs in the office of auditor in any township by reason of death, resignation, removal from the township, or otherwise, the court of quarter sessions shall, upon the petition of not less than five registered electors, appoint a suitable person to hold such office for the unexpired term of the person whose place he is appointed to fill."

Petitioners are the three supervisors, the township secretary and the township chief of police, all duly registered electors. Since they are also electors, the petition is apparently proper, at least, technically. However, we deem it exceedingly bad practice for the persons whose accounts are to be audited to petition for the appointment of an auditor.

Further, we conclude that it is, as it should be, illegal. The legislature knows how to call for petition or appointment by supervisors when it wishes to do so. See Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. §65420 (appointment of supervisors), and 53 P.S. §65423 (petition for appointment of tax collector). The principle "expressio unius est exclusio alterius" applies

herein and is controlling. The provision with respect to tax collector vacancies sets forth, "supervisors or . . . five . . . electors."

For these reasons, we enter the following

## ORDER

And now, March 10, 1976, the within petition is hereby refused, without prejudice to the possible future appointment of Richard J. Phillips upon a proper petition.